## ROUGHTON v. KNIGHT.

### IN ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 711. Submitted January 6, 1911.—Decided February 20, 1911.

As the Forest Reserve provision of the Sundry Civil Act of June 4, 1897, c. 2, 30 Stat. 36, did not prescribe the method which those entitled to avail of its provision should pursue, it was competent for the Secretary of the Interior to adopt the rules and regulations, which this court has already held to be reasonable and valid, and entitled to respect and obedience. *Cosmos Co. v. Gray Eagle Oil Co.*, 190 U. S. 301.

One not following the rules and regulations adopted by the Land Department for exchange of lands under the Forest Reserve Act and not accompanying his relinquishment deed with a proper selection in lieu of the land relinquished, and whose relinquishment was returned to him by the Department, did not become entitled to a selection and exchange after the repeal of the act.

Where one attempting to avail of the statutory provision to exchange under the Forest Reserve Act of 1897 failed to comply with the rules and regulations of the Land Department, and his relinquishment deed was returned to him, no contract was created with the Government which saved him any rights under the repealing act of March 3, 1905, c. 1495, 33 Stat. 1264.

103 Pac. Rep. 844, affirmed.

THE facts, which involve rights of a patentee under the forest law acts of June 4, 1897, and March 3, 1905, are stated in the opinion.

*Mr. E. D. F. Brady, Mr. W. P. Fennell, Mr. E. O. Miller* and *Mr. W. H. Morrissey* for plaintiff in error:

Title passed to the United States upon the recording

of the deed of relinquishment. *Moses Land Co.,* 34 L. D. 458, holding that title did not pass to the United States by the recording of the deed and delivery of the same to the local land officers, does not reach the gist of the question. While the mere recording of a deed does not operate as a delivery and pass title, where the vendee assents in advance to the transaction the recording does operate as a delivery and to pass title. Devlin on Deeds, §§ 262, 269, 287, 291.

When Congress enacted, in the Forest Reserve Act, that owners of lands might relinquish the same to the United States and select other lands in lieu thereof, it plainly intended an acceptance of every title so relinquished. See Regulations, June 30, 1897, Rule 16, and circular of May 9, 1899.

This regulation was mandatory. It required the full investiture of title in the United States before a selection could be made. The regulation was undoubtedly within the competency of the Land Department. As completely as a private owner could assent, the United States assented in advance to the delivery to it of title in every case, and when the relinquisher recorded his conveyance he did so because he had no alternative. Where a conveyance is recorded at the express requirement of the grantee, it is idle to speak of lack of delivery; a contract was created. 9 Am. & Eng. Ency., 2d ed.; *Cosmos Exploration Co.* v. *Gray Eagle Co.,* 190 U. S. 301, distinguished; and see *Hyde's Case,* 28 L. D. 284.

A ruling that no contract was created by the relinquishment violates the settled laws of real property. A contract of exchange is construed exactly as are contracts of sale, and when one accepts an offer by doing what the offerer makes a prior condition, the minds of the parties meet.

A promise to convey a certain number of acres out of a large tract, the location and method of the ascertainment

being pointed out, will be specifically enforced, as that which might otherwise be uncertain is made certain by the act of selecting. *Lingeman v. Shirk*, 42 N. E. Rep. (Ind.) 34, 35; *Carpenter* v. *Lockhard*, 1 Indiana, 434; *Baldwin* v. *Kerlin*, 46 Indiana, 426; *Cheney* v. *Cook*, 7 Wisconsin, 413; *Washburne* v. *Fletcher*, 42 Wisconsin, 152; *Roehl* v. *Hammexer*, 114 Indiana, 311, 315; *Colerick* v. *Hooper*, 3 Indiana, 316; *Williamson* v. *Johnstone*, 20 Kentucky, 253; *Owing's Exrs.* v. *Morgan*, 7 Leigh (Va.), 548; *Ernshwiller* v. *Tyner*, 54 Ohio St. 214.

As to when the right of selection must be exercised, the act under review is silent. In land grant cases, whenever the railroad company has shown a loss the Land Department has permitted a lieu selection, no matter how long a time after the loss. *Gulf Island R. R. Co.* v. *United States*, 22 L. D. 560.

The two parties to the contract are the relinquisher and the United States, not the relinquisher and the land officials. Their rejection of a selection does not conclude the question that title did not pass, because, after their jurisdiction ceases, the courts will announce as a matter of law whether title will pass. *Kern Oil Co.* v. *Clarke*, 30 L. D. 561; Bishop on Contracts, 2d Enlarged Ed., § 330; Page on Contracts, § 48; *Pennoyer* v. *McConnaughey*, 43 Fed. Rep. 196; *Olive Land Co.* v. *Olmstead*, 103 Fed. Rep. 573; *Farnum* v. *Clarke*, 84 Pac. Rep. 168.

Inasmuch as the relinquisher's right to make a lieu selection vested prior to the repeal, Congress was without power to divest the right; and the action of the Land Department in cancelling the selection and patenting the selected land to another was a taking of property without due process of law. *Fletcher* v. *Peck*, 6 Cranch, 87; See Story on Constitutional Law, § 1391; *McGee* v. *Mathis*, 4 Wall. 143; *Citizens' Assn.* v. *Topeka*, 20 Wall. 663; *Davis* v. *Gray*, 16 Wall. 232; *State* v. *Wilson*, 7 Cranch, 166; *Telfener* v. *Russ*, 145 U. S. 522; *Montgomery* v. *Kas-*

*son,* 16 California,. 189; *Gulf Island R. R. Co.* v. *United* *States,* 22 L. D. 560; 23 L. D. 565; 12 L. D. 547, and 9 L. D. 237.

The prohibitions contained in Amendment V of the Constitution against taking property without due process of law or compensation, apply to vested, contractual rights, and are not confined to judicial proceeedings, but are a restraint on every department of the Government. They apply as well to the Land Department as to Congress. *Sinking Fund Cases,* 99 U. S. 700, 718, 719, 720; and see *United States* v. *Union Pac. Ry. Co.,* 160 U. S. 34; *Houston & Tex. Cent. Ry. Co.* v. *Texas,* 170 U. S. 261; *Cornelius* v. *Kessel,* 128 U. S. 456.

A revocation of the approval of the Secretary of the Interior by his successor in office is an attempt to deprive the plaintiff of its property without due process of law, and is void. *Noble* v. *Union River Logging Co.,* 147 U. S. 165.

Where an entryman or selector has done everything required to perfect his right, but fails to attain it through an erroneous construction of the law by the Land Department, which patents the land to another, the latter can, in equity, be held as his trustee, and compelled to make a conveyance of the legal title. *Johnson* v. *Towsley,* 13 Wall. 72; *Silver* v. *Ladd,* 7 Wall. 219; *Stark* v. *Starr,* 6 Wall. 402.

The Land Department was not required to complete its administration of a land grant statute within a designated time, and the same rule applies here. *Humbird* v. *Avery,* 195 U. S. 506; *Lars Winquist,* 4 L. D. 324; *United States* v. *Burlington,* 98 U. S. 198.

The uniform construction of the Land Department should not be changed. *Bate Refrig. Co.* v. *Sulzberger,* 157 U. S. 34; *Ranch San Rafael,* 4 L. D. 482; *Germania* v. *James,* 89 Fed. Rep. 817; *Shreve* v. *Cheesman,* 32 U. S. App. 676, 689; *United States* v. *Winona & St. P. R. R.*

*Co.*, 67 Fed. Rep. 948; *Olcott* v. *Supervisors*, 16 Wall. 678; *United States* v. *Alabama Ry. Co.*, 142 U. S. 615; *St. Paul, M. & M. Ry. Co.*, 8 L. D. 255, 263; *Masterson's Case*, 7 L. D. 577; *Minor* v. *Marriott*, 2 L. D. 709; Instruction of September 15, 1889,    L. D. 145; *Weaver's Case*, 35 L. D. 553; *McDonald's Case*, 36 L. D. 205; *Douglass* v. *Pike*, 101 U. S. 687; *Kean* v. *Calumet*, 190 U. S. 460; Cooley, Const. Lim., 7th ed., p. 86.

The Land Department decides whether title vested at all or not. If its decision is based upon an erroneous construction of the law and not upon a question of fact the courts are open to litigants after the Department has decided the case one way or the other. *Thayer* v. *Spratt*, 189 U. S. 346. The repeal of an act does not affect any right which has accrued under it. *Trippet* v. *State*, 149 California, 521.

The act of June 4, 1897, was a remedial act and should be liberally construed, as should also the clause in the repealing act which was intended to preserve the rights of pending cases.

*Mr. S. D. Luckett* and *Mr. Chas. R. Pierce* for defendant in error:

The act of June 4, 1897, 30 Stat. 34, extended an invitation to exchange lands. Until the offeree relinquishes the base land, selects the lieu land, complies with all of the valid reasonable regulations, and the exchange is approved, there is no change in the legal or equitable status of either tract, and no obligation arises on either side to continue with the arrangement. An exchange may be initiated by filing a deed and selection and in no other way. *Moses Land Co.*, 34 L. D. 458; *Hyde's Case*, 28 L. D. 284, 286; *Tevis' Case*, 29 L. D. 576.

A full application under the act of June 4, 1897, is as essential as an application for entry. See 28 L. D. 472. The act of June 4, 1897, was an exchange act. *Hyde* v.

*Shine,* 199 U. S. 62, 80; *United States* v. *Conklin,* 177 Fed. Rep. 55; *Pacific Livestock Co.* v. *Isaacs,* 96 Pac. Rep. 460, 464. An exchange is a mutual grant of equal interests. *Windsor* v. *Collinson,* 52 Pac. Rep. 26, 27; *Harlin's Heirs* v. *Eastland,* 3 Kentucky (Hardin), 590, 593; *Speigle* v. *Meridith,* 22 Fed. Cas. 910; *Wilcox* v. *Randall,* 7 Barb. 633, 638; *Hartwell* v. *Devault,* 32 N. E. Rep. 789; *Long* v. *Fuller,* 21 Wisconsin, 121.

An exchange is an executed contract. *Preston* v. *Keene,* 14 Pet. 133; *Lessieur* v. *Price,* 12 How. 59, 74; *Brennan* v. *Ford,* 46 California, 7.

The Land Department did not err in construing the act of June 4, 1897, as an offer of exchange.

While the decisions of the Land Department are not binding on the courts, they should not be overruled except where they are clearly erroneous. *Hastings & Company* v. *Whitney,* 132 U. S. 357; *Leonard* v. *Lennox,* 181 Fed. Rep. 760; *Wis. Cent. R. R. Co.* v. *Price County,* 133 U. S. 496; *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.,* 190 U. S. 301; *United States* v. *McClure,* 174 Fed. Rep. 510; *United States* v. *Conklin,* 177 Fed. Rep. 55. *Arizona* v. *Perrin,* 83 Pac. Rep. 361, distinguished.

The act of March 3, 1905, 33 Stat. 1264, repeals the Forest Reserve Act of June 4, 1897, 30 Stat. 34, and rejects all uncompleted attempts or proposals to comply with said act, with the three exceptions spoken of in the repealing act. The power of Congress over public lands is plenary, and the Land Department had no authority to accept selections after March 3, 1905, not within the exceptions in the repealing act. *Moses` Land Co., supra; Roughton* v. *Knight,* 103 Pac. Rep. 844. There is at the most only a moral obligation on the part of Congress to act. See Sen. Res., March 19, 1906, and circular 35, L. D. 8; *Tevis's Case, supra.*

The most claimed by the plaintiff is an inchoate right to select. Such a right, when recognized, is only a float

until selection is definitely made and approved, and until such approval Congress cannot be presumed to have parted with its power to dispose of the land. *Wis. Cent. R. R. Co.* v. *Price County*, 133 U. S. 496, 512; *Sjoli* v. *Dreschel*, 199 U. S. 564; *Sioux City & St. P. R. R. Co.* v. *C., M. & St. P. R. R. Co.*, 177 U. S. 406; *Hutchins* v. *Lowe*, 15 Wall. 77.

It requires very clear language in the acts of Congress before any intention thus to place the public lands of the United States beyond its control by mere settlement of a party with declared intention to purchase could be attributed to its legislation. *Rancho San Rafael*, 4 L. D. 482; *Campbell* v. *Wade*, 132 U. S. 34; *Telfener* v. *Russ*, 162 U. S. 174.

To hold the defendant a trustee for the plaintiff, he must allege that the action of the United States amounted to a double sale of the land, first to the plaintiff and then to the defendant. *Carroll* v. *Safford*, 3 How. 441, 460. The sole duty violated by the United States in such cases is the execution of a conveyance to the proper party. *Bohall* v. *Dilla*, 114 U. S. 47, 51.

The complaint does not state facts sufficient to constitute a cause of action. *Marquez* v. *Frisbie*, 101 U. S. 473; *Leonard* v. *Lennox*, 181 Fed. Rep. 760, 766.

MR. JUSTICE LURTON delivered the opinion of the court.

The question in this case is whether the complainant below, and appellant here, has acquired a vested right to an exchange of a one hundred and sixty-acre tract of land owned by him and situated inside the exterior boundary of a forest-reserve, for a tract of public land of similar area, by reason of acts done in compliance with the terms of that provision of the Forest Reserve Act of June 4, 1897, providing for such exchanges. The Supreme Court of California sustained a demurrer and dismissed his

bill. 103 Pac. Rep. 844. A writ of error to that court brings the case here for review as to the Federal question.

That the complainant came within the terms of the act of June 4, 1897, there can be no doubt. He owned one hundred and sixty acres of patented land within the exterior lines of a public forest reservation, and was entitled to relinquish title to the United States and receive a patent for one hundred and sixty acres of public land outside the reservation, to be selected by himself. The provision of that act conferring this privilege is set out in the margin, being found in the act of June 4, 1897, c. 2, 30 Stat. 36.[1]

The contention is that he lost his right because he neglected to make a selection and thereby complete any exchange until the act extending the privilege was repealed by the act of March 3, 1905, c. 1495, 33 Stat. 1264. The repealing act is set out in the margin.[2]

---

[1] "That in cases in which a tract covered by an unperfected *bona fide* claim or by a patent is included within the limits of a public forest reservation, the settler or owner thereof may, if he desires to do so, relinquish the tract to the Government, and may select in lieu thereof a tract of vacant land open to settlement not exceeding in area the tract covered by his claim or patent; and no charge shall be made in such cases for making the entry of record or issuing the patent to cover the tract selected: *Provided, further,* That in cases of unperfected claims the requirements of the law respecting settlement, residence, improvements, and so forth, are complied with on the new claims, credit being allowed for the time spent on the relinquished claims."

[2] "*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Acts of June fourth, eighteen hundred and ninety-seven, June sixth, nineteen hundred, and March third, nineteen hundred and one, are hereby repealed so far as they provide for the relinquishment, selection and patenting of lands in lieu of tracts covered by an unperfected *bona fide* claim or patent within a forest reserve, but the validity of contracts entered into by the Secretary of the Interior prior to the passage of this Act shall not be impaired: *Provided,* That selections heretofore made in lieu of lands relinquished to the United States may be perfected and patents issued

Before the repeal of the act the appellant, in pursuance of the provisions thereof and of the regulations prescribed by the Secretary of the Interior, did these things:

He executed a deed of relinquishment to the United States and caused the same to be duly recorded in June, 1899. He deposited this deed, together with an abstract of title, in the Land Office of the United States for the proper district at Visalia, California. This was in June, 1899. It is then averred that the deed and the abstract were forwarded to the Commissioner of the Land Office at Washington, and reached there about June 25, 1899, and were there retained until January 3, 1905, when they were returned to the Visalia land office for delivery to the complainant, and were delivered to him January 9, 1905, and that no objection as to either form or sufficiency of the relinquishment was made by the Commissioner or any other official of the United States. Thus the matter stood from January 9, 1905, until March 3, when the repealing act was passed.

On March 14, 1905, eleven days after the repealing act, the appellant undertook to make a selection, and for that purpose filed his application to select the one hundred and sixty acres subsequently patented to the defendant, with notice of the prior selection so made by complainant. Upon these facts he demanded that a patent should issue to him for the land so selected, but the Commissioner and the Secretary of the Interior denied power to issue any such patent, the law having been repealed before the selection was made.

The issue is a sharp one. The complainant insists that when he made and delivered his deed, with an abstract showing a clear title to one hundred and sixty acres

---

therefor the same as though this Act had not been passed, and if for any reason not the fault of the party making the same any pending selection is held invalid another selection for a like quantity of land may be made in lieu thereof."

within a forest reservation, he became entitled to make
a selection of one hundred and sixty acres in lieu thereof
at any time, and that the repeal of the act did not deprive
him of the right to a patent for the land selected on
March 14, 1905. The appellant does not bring himself
within any of the exceptions to the repealing act. No
selection actually made before the repeal has proven in-
valid and there was no contract with the Secretary of the
Interior to be saved from impairment, unless the acts re-
ferred to constitute in and of themselves such part per-
formance as to constitute a contract with the Secretary
of the Interior. That there was no such contract is evi-
dent from a consideration of the character of the exchange
provision and the regulations adopted by the Secretary
of the Interior prescribing the method of carrying out the
act. Upon its face the act is neither more nor less than a
proposal by the Government for an exchange of claims
to land unperfected or lands held under patents situated
within the exterior lines of a forest reservation, for an
equal area of public land subject to entry elsewhere.
The reasons for the provision are found in the disadvan-
tages which result to such a settler or owner who had
acquired his right before the creation of a reservation
in the public lands surrounding him. He was thereby
isolated from neighborhood association and deprived of
the advantage of schools, churches and of increasing
value to his own land from occupation by others of the
lands thus devoted to reservation purposes. But the
act did not prescribe the method by which one so situated
might avail himself of the proposal. It was therefore
competent for the Land Department to adopt rules and
regulations for the administration of the act in this par-
ticular, and this was done, and those rules are found in
24 L. D. 592, 593.

In *Cosmos Co.* v. *Gray Eagle*, 190 U. S. 301, 309, these
regulations are referred to as reasonable and valid rules,

"entitled to respect and obedience." The regulations which have a bearing here are rules 14, 15 and 16.

To take advantage of the proposal contained in this act the applicant must select the land he wishes to receive in lieu and file a sufficient relinquishment of land within a forest reserve. Manifestly there must be an acceptance of the relinquishment by some one authorized to decide upon its sufficiency and an assent to the particular selection made in lieu.

It was not unreasonable that in the administration of this act the Land Department should limit the authority of any official to accept a relinquishment. As far back as April 14, 1899, the Secretary of the Interior construed the act and made the regulations before mentioned. In *Hyde's Case*, 28 L. D. 284, he instructed the Commissioner of the General Land Office that "the officers of the Land Department are not authorized to accept, consider or pass upon a relinquishment of the tract within the limits of a forest reservation, except in connection with a proffered or tendered selection of other lands in lieu thereof."

In the case of William S. Tevis, February 28, 1900, 29 L. D. 575, 576, the Secretary instructed the Commissioner in the same terms, saying: "Paragraphs 15 and 16 of the rules and regulations issued June 30, 1897, under said act (24 L. D. 589, 592), clearly require that in all cases of exchange of lands under said act, whether the land relinquished be 'a tract covered by an unperfected *bona fide* claim or by a patent,' an application to select lieu lands must accompany the relinquishment of the lands within the limits of a forest reservation."

In a ruling made February 24, 1906, 34 L. D. 458, in connection with the application for an exchange, the facts were nearly identical with those in the present case. The applicant filed his deed of relinquishment with abstract of title on January 12, 1905. He made no selection until March 30, 1905, a date subsequent to the repeal of the

act. The proposal was rejected. Upon a review by the Secretary the rejection was sustained, upon the ground that "no contract arises until a selection is made and the conveyance of the base·tract filed in the Land Department. . . . . Under the act of June 4, 1897, it is the filing of the deed in the local land office and the selection of land in lieu of that relinquished which initiates the exchange. Until that time the exchange is not initiated and is merely a purpose in the private owner's mind."

The regulation and practice of the Land Department in requiring that a deed of relinquishment shall be accompanied by a selection was not unreasonable. The return to this complainant of his deed of relinquishment several months before the repeal of the act was obviously due to his delay in presenting a case for the consideration of the Department.

That a proposal for an exchange of land within a forest reservation for lands outside may be withdrawn before acceptance is an obvious proposition. There having been no contract in force between this appellant and the Secretary of the Interior at the date of the repeal, he had no right to save under the exceptions in the repealing act.

There was no error in the judgment of the California Supreme Court, and it is, therefore,

*Affirmed.*