**PEALE v. DAVIS, Secretary of War, et al.**

Court of Appeals of District of Columbia.
Submitted April 7, 1927. Decided
May 2, 1927.

No. 4519.

1. **Eminent domain** ⊜69—Government cannot, through Congress or departmental regulations, divest citizen of lands without compensation.

The United States cannot, by act of Congress, or by departmental regulations, or by both, divest a citizen of privately owned lands without compensation.

2. **Woods and forests** ⊜8—Conveyance of land to government accompanied by application to select lands in lieu thereof, held to vest no title on rejection of selection (Act Cong. June 4, 1897 [30 Stat. 36]; Act Cong. March 3, 1905 [33 Stat. 1264]).

Conveyance of land to government by owners in fee, and application to select lands in lieu thereof, pursuant to Act Cong. June 4, 1897 (30 Stat. 36), held in effect nothing more than tender of exchange, such that on rejection of selection of lieu lands, under Act Cong. March 3, 1905 (33 Stat. 1264), title did not vest absolutely in the United States, nor was former owner obligated to make a new selection.

3. **Quieting title** ⊜27—United States ⊜125 (2)—Action to compel Power Commission to vacate license covering land to which government had colorable title only held "suit against United States," and not proper remedy to remove cloud on title.

Suit against Federal Power Commission to compel revocation of permit and license covering certain lands to which government had color of title, but no real right, held in effect a suit against United States, and properly dismissed, as not appropriate remedy to remove cloud placed on title by action of Power Commission.

Appeal from Supreme Court of District of Columbia.

Action by Rembrandt H. Peale against Dwight F. Davis, Secretary of War, and others. From a decree dismissing the petition, plaintiff appeals. Affirmed.

P. H. Loughran, of Washington, D. C., for appellant.

I. E. Robinson, of Grafton, W. Va., and Peyton Gordon and J. F. Lawson, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District of Columbia, dismissing a bill for a mandatory injunction to compel the members of the Federal Power Commission and the Commission to revoke and vacate a preliminary permit and license issued to the San Joaquin Light & Power Corporation to certain power rights on the E. ½ of section 36, township 10 S., range 27 E. M. D. M., situated in the state of California.

The petition was dismissed upon the single ground that this is in effect a suit against the United States. The motion to dismiss admits, for the purposes of this case, the facts alleged in the bill, from which it appears that on November 4, 1899, one C. W. Clarke and Philomen Clarke, his wife, were the owners in fee of the land in question, and on that date they executed and subsequently recorded a deed of conveyance of the land to the United States. On January 13, 1900, Clarke applied to the local land office at Independence, Cal., to exchange the land so conveyed for other lands situated in California. This exchange was sought to be negotiated under the terms of the Act of Congress of June 4, 1897 (30 Stat. 36), as follows:

"That in cases in which a tract covered by an unperfected bona fide claim or by a patent is included within the limits of a public forest reservation, the settler or owner thereof may, if he desires to do so, relinquish the tract to the government, and may select in lieu thereof a tract of vacant land open to settlement not exceeding in area the tract covered by his claim or patent; and no charge shall be made in such cases for making the entry of record or issuing the patent to cover the tract selected: Provided further, that in cases of unperfected claims the requirements of the laws respecting settlement, residence, improvements, and so forth, are complied with on the new claims, credit being allowed for the time spent on the relinquished claims."

Clarke's application for exchange was rejected on April 28, 1902, and further proceedings and negotiations followed by which Clarke sought to have the exchange completed, which resulted in failure. Clarke then ap-

plied for permission to select other lands in lieu of the land conveyed to the government, which right was denied him on October 3, 1919, the department basing its decision upon the Act of Congress of March 3, 1905 (33 Stat. 1264). Thereafter Clarke and his wife conveyed to the plaintiff Peale whatever legal and equitable title to the land conveyed to the government that remained in them, and Peale now appears as the lawful assignee of Clarke.

The act of 1905 repealed the Acts of June 4, 1897 (30 Stat. 36), June 6, 1900 (31 Stat. 614), and March 3, 1901 (31 Stat. 1037), in "so far as they provided for the relinquishment, selection, and patenting of lands in lieu of tracts covered by an unperfected bona fide claim or patent within a forest reserve." It however, specifically provided that "the validity of contracts entered into by the Secretary of the Interior prior to the passage of this act shall not be impaired." The act further provided "that selections heretofore made in lieu of lands relinquished to the United States may be perfected and patents issued therefor the same as though this Act had not been passed, and if for any reason not the fault of the party making the same any pending selection is held invalid another selection for a like quantity of land may be made in lieu thereof."

It further appeared that, when Clarke conveyed his land to the government and made application for the selection of the lands in lieu thereof, he made the usual affidavit accompanying such application to the effect that the lands selected were nonmineral in character. An investigation by the government aroused the suspicion that the lands selected might be oil lands, and consequently they called upon Clarke for an additional affidavit as to the nonmineral character of the lands. Clarke, as he clearly had a right to do, and probably to avoid possible penalties for perjury, refused to make this additional affidavit, and it is on this ground that the Interior Department has attempted to forfeit the lands to the United States, basing its action upon the proviso to the act of 1905 authorizing further selection in lieu of lands relinquished under the act of 1897, if the original selection had not been perfected "for any reason not the fault of the party making the same." It was held that Clarke was in fault, under the provision of the act, because of his refusal to make and file a further nonmineral affidavit when requested to do so.

It further appears that on March 11, 1922, and July 28, 1922, the permit and license in question were issued by the Federal Power Commission to the San Joaquin Company. Thereupon appellant applied to the land office

for a disclaimer of interest in the half section under the Act of Congress of September 22, 1922 (42 Stat. 1017 [U. S. Comp. St. §§ 5134a, 5134b]), which provided that, where persons in good faith had relinquished lands to the United States under the act of 1897 (which included appellant's vendor), and where the lieu selections had been finally rejected, the Secretary of the Interior, under the provisions of the act, might permit of the further selection of lieu lands, or, upon failure to agree upon an exchange, the Commissioner of the General Land Office was "authorized to relinquish and quitclaim to such person or persons, their heirs or assigns, all title to such lands which the respective relinquishments of such person or persons may have vested in the United States." The right to apply for a reselection or reconveyance under the provisions of the act was limited to five years. This limitation, however, has no bearing upon the present case.

On April 11, 1924, the General Land Office denied the application of appellant for a disclaimer of interest in the land in question, and on October 21st following the acting Secretary of the Interior decided that, because of the permit and license to the power company and the provisions of the act of 1922, "the Secretary of the Interior is forbidden to quitclaim the tract to the party who conveyed it to the United States." Appellant thereafter petitioned the Federal Power Commission to revoke and cancel the permit and license issued to the power company, and this was denied on February 25, 1926.

In furtherance of the act of 1897, the regulations of the Department of the Interior (section 16, 24 L. D. 589, 593) provide: "Where final certificate or patent has issued, it will be necessary for the entryman or owner thereunder to execute a quitclaim deed to the United States, have the same recorded on the county records, and furnish an abstract of title, duly authenticated, showing chain of title from the government back again to the United States. The abstract of title should accompany the application for change of entry, which must be filed as required by paragraph 15, without the affidavit therein called for." This regulation has been upheld as reasonable. Cosmos Co. v. Gray Eagle Co., 190 U. S. 301, 23 S. Ct. 692, 24 S. Ct. 860, 47 L. Ed. 1064; Roughton v. Knight, 219 U. S. 537, 31 S. Ct. 297, 55 L. Ed. 326.

[1] It is clear that, under the act of 1897 and the regulation of the department, the conveyance of the land to the government, accompanied by the application to select lands in lieu thereof, amounted to nothing more than

a tender for exchange. If for any reason that selection was rejected, no obligation rested upon the party to make another selection, and upon his failure to make another selection the title to the lands tendered by deed could not under any conditions become absolutely vested in the United States. The action of the department in this case is indefensible. It is here attempting to divest a citizen of the United States of his privately owned lands, without giving in return any compensation whatever. It is too elementary for discussion that this cannot be accomplished, either by act of Congress, or by the regulations of the department, or by both combined.

[2, 3] Appellant, however, we think, has sought the wrong remedy, and the court below properly sustained the motion to dismiss. Since a color of legal title has been vested by the deed in the United States, and the power company holds its permit and license under that color of title, the United States must be divested of that title before action can be taken to remove the cloud placed upon the title by the action of the Power Commission. It may be suggested that, if the government in a proper proceeding, directed against the Secretary of the Interior and the Commissioner of the General Land Office, is forced to relinquish the title which it unlawfully holds and asserts, the remedy against the power company is simple, adequate, and complete. The court below correctly held that the United States is an interested party in this proceeding, since the legal title stands of record in the government. Whether an action in mandamus against the Secretary and the Commissioner, to compel the issuance of a disclaimer or a quitclaim deed to the plaintiff, would furnish the relief to which he is entitled, it is unnecessary for us to decide, or to express any opinion thereon.

The decree is affirmed, with costs.