**WORK et al. v. UNITED STATES ex rel. PEALE.**

Court of Appeals of District of Columbia.

Submitted May 9, 1928.   Decided June 4, 1928.

No. 4721.

Mandamus ⊜⇒85—Mandamus is not available to correct alleged error of government officials in refusing approval of second lieu selection and granting power rights (Act March 3, 1905 [33 Stat. 1264]; Federal Water Power Conservation Act [16 USCA·§§ 791–823]; 16 USCA §§ 483, 484).

Action of government officials in refusing to approve second lieu land selection made pursuant to Act March 3, 1905 (33 Stat. 1264), on ground first selection had failed through fault of applicant in refusing to file an additional affidavit to nonmineral character of land and possible unwarranted action of Federal Water Power Commission in granting certain power rights on land under Federal Water Power Conservation Act (16 USCA §§ 791–823), cannot be corrected on mandamus to compel the Secretary of the Interior and Commissioner of the General Land Office to issue a relinquishment and quitclaim to the lands, under 16 USCA §§ 483, 484, since, in passing on such matters, defendant officers were discharging a jurisdiction calling for judicial discretion.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on the relation of Rembrandt H. Peale, against Hubert Work and another.  Judgment granting the writ, and defendants appeal.  Reversed.

O. H. Graves, E. O. Patterson, and Peyton Gordon, all of Washington, D. C., for appellants.

P. H. Loughran, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.  This appeal is to review the action of the Supreme Court of the District of Columbia, wherein a writ of mandamus was issued requiring appellants, defendants below, to execute and issue a relinquishment and quitclaim to certain forest reserve lands conveyed to the United States in consideration of the right to make a lieu land selection.

This case was here on a former appeal, Peale v. Davis et al., 57 App. D. C. 221, 19 F.(2d) 695, in which we affirmed the decision of the Supreme Court of the District in dismissing the bill for a mandatory injunction to compel the members of the Federal Power Commission and the Commission to revoke and vacate a permit and license issued to the San Joaquin Light & Power Corporation to certain power rights on the lands here in question.  The dismissal of the bill was decreed on the single ground that the suit in effect was a suit against the United States, and that the United States had not been made a party.

The facts, briefly stated, are that one C. W. Clarke, and Philomen Clarke, his wife, were owners of the E. ½ of section 36, township 10 S., range 27 E. M. D. M., in the state of California, and on November 4, 1899, executed and subsequently recorded a deed of conveyance of the land to the United States. Promptly thereafter Clarke made a lieu land selection under the terms of the Act of Congress of June 4, 1897, 30 Stat. 36.  On April 28, 1902, Clarke's lieu land selection was rejected by the Secretary of the Interior, on the ground of his refusal to file a second and additional nonmineral affidavit.

The act of 1897 was repealed March 3, 1905 (33 Stat. 1264), preserving, however, the rights of persons who had relinquished lands to the United States and had failed to secure lieu lands in exchange therefor. The statute in this particular provided: "That selections heretofore made in lieu of lands relinquished to the United States may be perfected and patents issued therefor the same as though this act had not been passed, and if for any reason not the fault of the party making the same any pending selection is held invalid another selection for a like quantity of land may be made in lieu thereof."

On May 20, 1909, Clarke and wife conveyed the land in question to C. W. Clarke Company, a corporation, who made application for a second lieu selection.  This application was made under the saving clause in the act of 1905.  On October 3, 1919, the second lieu land selection was denied, for the reason that the first selection had failed through the fault of the party Clarke in refusing to file an additional affidavit as to the nonmineral character of the land.  On March 11, 1922, a preliminary permit to certain power rights on the land, under the Federal Water Power Conservation Act (41 Stat. 1063 [16 USCA §§ 791–823]), was issued by the Federal Water Power Commission to the San Joaquin Light & Power Corporation, and on July 28th, following the issuance of a preliminary permit, a 50-year license was issued.

Under the Act of Congress of September 22, 1922, 42 Stat. 1017, it was provided that,

where persons in good faith had relinquished lands to the United States under the act of 1897, and where lieu selections had been finally rejected, the Secretary of the Interior, under the provisions of the act, may permit of the further selection of lieu lands, or, on failure to agree on an exchange, the Commissioner of the General Land Office was "authorized to relinquish and quitclaim to such person or persons, their heirs or assigns, all title to such lands which the respective relinquishments of such person or persons may have vested in the United States." 16 USCA § 483.

Section 2 of the act provides as follows: "That if it shall appear that any of the lands relinquished to the United States for the purpose stated in the preceding section have been disposed of or appropriated to a public use, other than the general purposes for which the Forest Reserve, within the bounds of which they are situate, was created, such lands shall not be relinquished and quitclaimed as provided therein, unless the head of the department having jurisdiction over the lands shall consent to such relinquishment; and if he shall fail to so consent, or if any of the lands so relinquished have been otherwise disposed of by the United States, other surveyed, nonmineral, unoccupied, unreserved public lands of approximately equal area and value may be selected and patented in lieu of the lands so appropriated or disposed of in the manner and subject to the terms and conditions prescribed by said Act of June 4, 1897, and the regulations issued thereunder: Provided, that applications to make such lieu selections must be filed in the General Land Office within three years after the date of this Act." 16 USCA § 484.

On March 31, 1924, plaintiff Peale acquired title to the lands in question from the Clarke Corporation, and on April 1st, following, requested the Commissioner of the General Land Office to issue him a disclaimer and quitclaim to the lands in question. This was denied promptly by the Commissioner, on the ground that the land had been appropriated to a public use, and could not be relinquished under the Act of September 22, 1922. It is now sought to compel the Secretary of the Interior and the Commissioner of the General Land Office to issue a relinquishment and quitclaim to the lands in question under the 1922 act.

In our former opinion we condemned the action of the Land Department in refusing to permit Clarke to make a second lieu selection. The refusal was based on the ground

that Clarke was at fault in failing to file an additional nonmineral affidavit in support of his first lieu selection. We reaffirm our position as to the error committed by the department, but, with the United States now a party in interest, a different situation confronts us. The act of 1922 reserved to the plaintiff, as the owner by mesne conveyance of the lands relinquished, the right to make a lieu selection, provided the selection was made within three years after the date of the act. The act likewise forbids the relinquishment of the land conveyed by Clarke, since prior to its passage it had been appropriated to a public use.

While it may well be, as suggested in our former opinion, that Congress was without power to divest Clarke or his successors of title to the land without compensation, as was the situation after the refusal to permit a second lieu selection and prior to the act of 1922, yet this defect has been cured by the 1922 act, since it fully restored to plaintiff the right of making a lieu selection within a period of three years. This restored the right of exchange originally sought by Clarke when he conveyed his land to the United States, and of which he had been deprived through the error of the Land Department. Plaintiff, however, failed to avail himself of the privilege accorded, though he had 1½ years within which to act after acquiring the Clarke title.

Plaintiff is not in the equitable position of an innocent purchaser without notice of the involved condition of the title to the land. He had notice of the situation in the Land Department, as well as of the grant to the power company. Indeed, it may be that in these circumstances all he can be held to have acquired through his purchase of the Clarke interest was the right to make a lieu selection under the conditions accorded by Congress in the 1922 act. This right he permitted to lapse with the expiration of the period of limitation.

It is clear that the alleged error of the Secretary of the Interior in refusing to approve the second lieu selection and the possible unwarranted action of the power commission in granting a 50-year license to the power company, are errors which cannot be here corrected. In passing upon these matters, defendant officers were discharging a jurisdiction conferred by Congress and which called for the exercise of judicial discretion. Their action cannot be here reviewed. In other words, this proceeding for a writ of mandamus cannot be converted into

a proceeding in error, to review the errors of the Land Department.

The judgment is reversed, with costs.