Knowles, District Judge.
Plaintiffs tiled their bill of complaint against defendants, which presents a suit for the quieting of their title to certain mining ground described in the bill. Defendants filed their answer to said bill, and to this answer plaintiffs have filed certain objections. The first objection is that the following allegations in the answer constitute nothing but the statement of conclusions of law, namely:
“Defendants, further answering, allege that said lands never contained, and do not now contain, known minerals in lode deposits of any value sufficient to justify expense of exploitation or expenditure in the effort to extract the same, and that these defendants are the owners and possessed of the said1 N. 'i of N. J of the S. E. \ of sec. 31, under and by virtue of a grant and conveyance thereof from the Northern Pacific Railroad Company, and by reason thereof are the owners of, and the whole thereof.”
These allegations are not legal conclusions, but allegations of fact. The allegation that it does not contain known minerals in lode deposits of any value sufficient to justitv expense of exploitation or expenditure, in the effort to extract the same, is hut one mode of alleging that the ground is nonmineral. It has been held by the supreme court that ground of this kind is nonmineral. The allegation that the defendants are the owners of said land by virtue of a conveyance from the Northern Pacific Railroad Company is certainly not a legal conclusion, but one of fact. The allegation of ownership, without stating how the ownership was acquired, is the allegation of a fact. It was not necessary to state the date of the conveyance by said company. That is not the point presented, but as to whether it became the owner by such conveyance.
The objection that defendants do not state in their answer the date of their application for a- patent to the promises as placer ground is not material, it is stated that it was prior to the location of the Banker’s Daughter lode. This was sufficient. . The patent obtained subsequently from the government would relate to this date, and it might be determined at that date as to whether the said lode was then known to exist. If it was, it would be excluded from the grant made by the patent; if not, it would pass with the placer patent. All that it was necessary to allege was that the application was made prior to the location of said lode.
The third objection is that the following allegations are impertinent:
“And for a further and additional separate answer these defendants allega that all of the premises described in complainants’ bill were, prior to the pre *900 tended location of the alleged Banker’s Daughter lode, ever since have been, and now are, part and portion of the city of Helena, county of Lewis and Clarke, and state of Montana, the same being an incorporated city; and said premises, and the whole thereof, then did, and ever since have been, and now do, lie within the corporate limits bf the said city; and that these defendants were at the date last aforesaid, ever since have been, and now are, the owners and actual occupants of the surface ground of said premises, and the whole thereof, and have actually had the possession thereof during all the period last aforesaid.”
There is no claim in these allegations that the city has acquired any title to said premises, or taken any steps to acquire the same through its officers. It is not claimed that the same has been reserved by any order of the president of the United States. There is no claim that it has been usually occupied as a place of business, or in fact any allegation in the above that would show that it might not be taken as a mining claim if valuable for the minerals therein contained. This objection is therefore good, and this allegation should be stricken from the answer.