ADELAIDE L. HARRINGTON ET AL., APPELLANTS, V. HAYES COUNTY ET AL., APPELLEES.

FILED MARCH 19, 1908.    No. 15,090.

1. Judges: DISQUALIFICATION: JUDGMENT: COLLATERAL ATTACK. A district judge is disqualified from making an order confirming a judicial sale in an action which he commenced and prosecuted to judgment as attorney for the plaintiff, and, where the fact of such disqualification appears upon the record, the order of confirmation made by the judge so disqualified is void, and may be collaterally attacked.

2. Judicial Sales: CONFIRMATION. An order confirming a judicial sale is a judicial, and not a ministerial, act.

3. Judgment: SUIT TO VACATE: PLEADING. In an action to set aside a

sheriff's deed upon the ground that the order confirming the sale which it was executed to carry out was made by the judge disqualified to act, an allegation that the plaintiffs are the owners in fee simple of the land in question is a sufficient plea of ownership, when the petition is attacked by a general demurrer.

APPEAL from the district court for Hayes county: LESLIE G. HURD, JUDGE. *Reversed.*

*Starr & Reeder,* for appellants.

*M. F. Harrington* and *C. A. Ready, contra.*

CALKINS, C.

On the 2d day of January, 1902, the county of Hayes, by its then attorney, commenced an action against the defendant Harrington, a nonresident of the state, to foreclose its lien for taxes upon a tract of land then owned by her. Service was had by publication, and on the 31st day of March, 1902, a decree was rendered as prayed, upon which an order of sale was afterwards issued, and the sheriff, at a sale held on the 4th day of August, 1902, struck off the premises to the defendant Mansfield upon his bid of $100. On the 4th day of March, 1904, the purchaser paid the amount of his bid. At this time the county attorney had become judge of the district court, and, being then holding a term of said court in said county of Hayes, made an order confirming the said sale, in pursuance of which order the sheriff on the 2d day of July, 1904, made and executed a deed conveying said premises to the defendant Mansfield.

This action is brought by Adelaide L. Harrington and Jesse C. McNish against the county of Hayes and the purchaser Mansfield, and they allege, in addition to the facts above stated, that the plaintiff Harrington was, during the proceedings above mentioned, and that she and the plaintiff McNish were, at the commencement of this action, the owners in fee of the premises in question; that the plaintiffs had no actual notice of the pendency of said

action in time to appear and defend the same, and that they had on the 20th day of December, 1904, tendered and offered to pay to the defendant Mansfield the amount of taxes chargeable against said land, with interest, penalties and costs. It appeared that the action of foreclosure was brought without an antecedent sale by the county treasurer, and that the plaintiff Harrington would have had good defense to said action. To the plaintiffs' petition the defendants filed a general demurrer, which was sustained, and judgment rendered for the defendants, which this appeal is brought to review.

1. We have therefore to consider whether a judgment rendered by a disqualified judge is void, or simply erroneous. At common law the latter rule prevails. Freeman, Judgments (4th ed.), sec. 145. In many of the states statutes have been enacted prohibiting judges from acting in certain specified cases, and where the statute in direct and positive terms forbids a judge to act in such cases the prohibition goes to the jurisdiction, and the judgment is void. Freeman, Judgments (4th ed.), sec. 146, and note to *Moses v. Julian,* 45 N. H. 52, 84 Am. Dec. 114, 126. Such seems to be the rule uniformly adopted where the prohibition is direct and positive, and there is no provision for a waiver by the parties of objections to the judge upon that ground. Our own statute in force at the time of the confirmation of the sale in this case provided: "A judge or justice is disqualified from acting as such, except by mutual consent of parties, in any case wherein he is a party, or interested, or where he is related to either party by consanguinity or affinity within the fourth degree, * * * or where he has been attorney for either party in the action or proceeding, and such mutual consent must be in writing and made a part of the record." Comp. St. 1905, ch. 19, sec. 37. In at least two other states statutes containing similar provisions have been enacted. The statute of Tennessee (code, sec. 4098) provides: "No judge of any court, chancellor or justice shall sit in any cause or proceedings

in which he is interested, or has been of counsel, or where
he is related to either party by consanguinity or affinity,
within the sixth degree, computing by the civil law, except
by consent of the parties entered of record." The su-
preme court of Tennessee, in construing its statute, held
that there must be a waiver of the judicial incompetency
as required by the statute, or the judgment will be void.
*Pierce v. Bowers* 8 Bax. (Tenn.) 353; *Reams v. Kearns,* 5
Cold. (Tenn.) 217; *Hilton v. Miller & Co.,* 5 Lea (Tenn.)
395. On the other hand, it is said by the supreme court
of Alabama, in construing a similar statute, that if the
provisions for consent had not been introduced there
could not have been any question about the construction,
but that the consent giving authority seems to imply a
personal privilege, and the court accordingly decides that
the disabilities mentioned in the statute do not render the
proceedings void, though no consent appears upon the
record. *Hines v. Hussy,* 45 Ala. 496. And this rule
has since been followed in that state, whose courts seem to
have been influenced by the gravity of the consequences
to follow from annulling judgments of courts having ap-
parent jurisdiction to render them. The importance of
these considerations cannot be denied. There should be
confidence in the judgments of courts, and the titles rest-
ing upon judicial proceedings should not be lightly set
aside for matters not appearing upon the record, and
which the intending purchaser at a judicial sale could
not have discovered by a diligent examination of the pro-
ceedings. However, the question whether a judgment
rendered in a court of general jurisdiction by a judge ap-
parently qualified should, upon the considerations above
referred to, be held void when collaterally attacked upon
the ground that the judge was disqualified by reason of
facts not shown upon the record is not presented in this
case, and need not be decided. Here the disqualification
complained of appears by the inspection of the record. It
is there shown that the person who, as county attorney,
brought and prosecuted the action to judgment, and the

person who, as district judge, confirmed the sale, had the same name. Identity of names is *prima facie* evidence of identity of persons, and the disqualification of the judge to act was apparent from the inspection of the record of the proceedings. In such a case, the reason for the rule adopted by the Alabama court does not apply, and the rule should not, therefore, govern the disposition of this case. We have no doubt that where the disqualification of the judge affirmatively appears upon the record, and there is no waiver of such disqualification, as required by statute, the acts of such disqualified judge are void, and it follows in this case that the order of confirmation and proceedings subsequent thereto are invalid and of no effect.

2. It is asserted that an order confirming a sale upon foreclosure does not involve the exercise of any judicial discretion, and it was therefore one which a judge who had been attorney for one of the parties might properly make. Section 498 of the code provides that the court may make the order of confirmation if, after having carefully examined the proceedings of the foreclosure, it is satisfied that the sale has in all respects been made in conformity to the provisions of law. This law, it is held, cures the irregularities in the proceedings, and that could not be said of a mere ministerial act. In fact, the crux of the defendants' contention is that this order should be accorded the respect given to judicial determinations, and it is highly inconsistent for them to at the same time argue that for the purpose of determining whether the judge was disqualified we should regard the confirmation of the sale as a mere ministerial act. We are not impressed with the view that, if the proceedings were regular so that there was but one thing for the judge to do, the act becomes merely formal. That argument, logically carried out, would apply to all decisions and all judgments; for, when the facts and the law are ascertained, the judge has no discretion—he must pronounce the decision that the law commands. The principles applicable to some cases are so

obvious and generally understood that the judge reaches his conclusion easily and pronounces his decisions with the utmost confidence. Other cases are so complicated that it is a task of infinite difficulty to unravel the tangled skein of legal principle and follow each thread from its source to its proper application. When this is done, however, the judge has no more discretion in the latter than in the former case. He must pronounce the judgment of the law. The disqualification of the statute is not a disqualification to decide erroneously. It is a disqualification to decide at all.

3. It is contended that the petition is defective in not showing that the plaintiffs have such title to the land in question as to enable them to prosecute this action. The petition contains the allegation, "the plaintiffs Adelaide L. Harrington and Jesse C. McNish are the owners in fee simple" of the land in question, and in another part it pleads that the plaintiff Harrington was at the time of the beginning of said foreclosure proceeding, and at the time of the confirmation of such sale, the "owner in fee." The claim was made by the plaintiffs that their petition might be regarded as an application to open up the judgment under the provision of section 82 of the code, giving such relief to defendants served constructively. The defendants contended that to entitle the plaintiffs to such relief the plaintiff Harrington, who was the sole owner of the land at the time of the foreclosure proceedings, must still remain such sole owner. We presume, therefore, that this argument was directed to the petition as an application to open up the judgment under section 82, and that, since we have not so considered the petition, it has no application. In any event, we are satisfied that in an action by two parties to cancel a cloud upon the title of real estate the allegation that the plaintiffs are the owners in fee simple of the land in question is a sufficient allegation of ownership, when the petition is attacked by a general demurrer.

We therefore recommend that the judgment of the dis-

trict court be reversed and the cause remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons above stated, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with the foregoing opinion.

REVERSED.