CHARLES E. HILL, APPELLEE, V. WALTER A. CHAMBERLAIN ET AL., APPELLANTS.

FILED JUNE 12, 1912. No. 16,720.

1. **Taxation:** FORECLOSURE SALE: SUIT TO SET ASIDE DEED: PLEADING. In an action to set aside a sheriff's deed executed upon a sale under a void decree foreclosing a tax lien, an allegation that the plaintiff is the owner of the land in question is a sufficient plea of ownership, when the petition is attacked by a general demurrer.

2. **Quieting Title:** LIMITATIONS. Where the lands of a resident of the state are sold under a decree entered against him on service by publication, no appearance in the action being made by or on behalf of such party, an action to quiet his title to the land may be brought at any time within ten years from the recording of the deed made on a sale under the decree or taking possession thereunder. *Payne v. Anderson*, 80 Neb. 216.

3. ———: TAXATION: EQUITY. In an action to quiet title as against a sale for taxes made under a void decree of court, an offer to pay such sum as the court may find due the defendants on account of any lien for taxes paid is a sufficient offer to do equity, and, if the right to redeem is contested, is a sufficient tender of any taxes due the defendants.

4. **Evidence** examined, and *held* sufficient to sustain the decree of the district court.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland,* for appellants.

*J. G. Beeler* and *George E. French, contra.*

BARNES, J.

Action in the district court for Lincoln county to quiet title to the southeast quarter of section 2, township 9 north, of range 34 west of the 6th P. M., situated in that county. The plaintiff had the judgment, and the defendants have appealed.

It appears that on the 25th day of June, 1900, the county of Lincoln commenced an action to foreclose its lien for taxes on the land in question without administrative sale, and obtained a decree of foreclosure; that the land was thereafter sold to satisfy the decree, and a sheriff's deed therefor was executed to the county on the 18th day of December, 1901; that the county thereafter conveyed the premises to one W. A. Chamberlain, who on the 3d day of December, 1903, conveyed the same to the defendant Elizabeth Chamberlain, who took possession thereof some time in the year 1905, and has since occupied the land for agricultural purposes only; that in the tax foreclosure proceedings service was had upon the plaintiff as owner of the land by publication only; that at that time he was a *bona fide* resident of Adams county in this state, and for that reason the trial court found and decreed that the tax foreclosure proceedings were void, and rendered a judgment permitting the plaintiff to redeem his land from the lien for taxes by his payment into court for defendants' use and benefit the sum of $364, which was the amount of all taxes against the land, including interest, penalties and costs, which had been paid by the defendants and their grantors. It further appears that the decree gave plaintiff nothing for rents and profits, and no allowance was made to the defendants for permanent improvements.

Defendants contend that the court erred in overruling

their demurrer to the plaintiff's petition, by which it was alleged that plaintiff is the owner of the land (describing it) ; and it is argued that this allegation was merely a conclusion of law, and was insufficient to sustain the action. That question seems to have been settled in *Harrington v. Hayes County*, 81 Neb. 231, where it was said: "In an action to set aside a sheriff's deed upon the ground that the order confirming the sale which it was executed to carry out was made by the judge disqualified to act, an allegation that the plaintiffs are the owners in fee simple of the land in question is a sufficient plea of ownership, when the petition is attacked by a general demurrer." The rule thus announced seems to be supported by 31 Cyc. 61; *Johnson v. Vance*, 86 Cal. 128; *O'Keefe v. Cannon*, 52 Fed. 898; *George Adams & Frederick Co. v. South Omaha Nat. Bank*, 123 Fed. 641; and *Ingram v. Wishkah Boom Co.*, 35 Wash. 191. We are therefore of opinion that this contention is not well founded.

Defendants also contend that the action was barred by the limitation contained in sections 11129, 11186, Ann. St. 1909. This court has already adjudicated that question in *Payne v. Anderson*, 80 Neb. 216, where it was said: "Where the lands of a resident of the state are sold under a decree entered against him on service by publication, no appearance in the action being made by or on behalf of such party, an action to quiet his title to the land may be brought at any time within ten years from the recording of the deed made on a sale under the decree."

It is further contended by the defendants that the pleadings and proof are not sufficient to sustain the decree, and it is argued that it should have been alleged and proved that all taxes due upon the property had been paid by the plaintiff or by the persons under whom he claimed. In *Payne v. Anderson*, *supra*, it was said: "In an action to quiet title as against a sale for taxes made under a void decree of court, an offer to pay such sum as the court may find due the defendants on account of any

lien for taxes paid is a sufficient offer to do equity and a sufficient tender of any taxes due the defendants."

Finally, it is contended that the court erred in failing to allow the defendants anything on account of permanent improvements, and it is argued that the testimony shows that defendants broke 120 acres of the land in question, for which they should receive the sum of $270, with interest from the year 1905. An examination of the record discloses that at the time defendants took possession of the land 120 acres of it had been broken and previously farmed; that they disced the land, or rather listed it to corn. This testimony falls so far short of establishing the plaintiff's contention that we think the district court did not err in refusing to allow them anything for permanent improvements.

As we view the case, every question presented by the record has been determined adversely to the defendants by the former decisions of this court. Therefore, the judgment of the district court is

AFFIRMED.