JENNIE E. COUNSELMAN ET AL., APPELLEES, V. JOHN B. SAMUELS ET AL., APPELLANTS.

FILED FEBRUARY 11, 1913.        No. 16,981.

1. **Taxation:** TAX SALE: TIME FOR REDEMPTION. Where the last day of the two-year statutory period to redeem land sold by a county treasurer for delinquent taxes falls on Sunday, the owner's right of redemption exists during all of the next day.

2. ———: ———: SUIT TO REDEEM: PETITION. In a petition to redeem land sold by a county treasurer at an administrative tax sale, an allegation that plaintiff is the owner of the land is, in that respect, sufficient to resist a demurrer.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland,* for appellants.

*Wilcox & Halligan, contra.*

ROSE, J.

This is a suit to cancel a treasurer's tax deed to a quarter-section of land in Lincoln county and to permit plaintiffs as owners to redeem the land from the tax lien. Defendants claim title by virtue of the tax deed. The trial court granted the prayer of plaintiffs' petition, and defendants have appealed.

Plaintiffs plead, and here assert, among other grounds for relief, that the tax deed is void, because, under the administrative proceedings, they were not given the full time allowed by law to redeem their land. The point is that, the last day of the usual two-year period having been Sunday, plaintiffs were entitled to, but were not given, all of the following Monday to exercise their right of redemption. On this question the facts and law seem to be with plaintiffs. The county treasurer sold the land at private sale August 19, 1904. He so certified, and in his certificate stated that the time for redemption would expire August 20, 1906. The purchaser in his published notice gave the same dates, and stated that he would apply for a deed August 20, 1906, if the premises were not redeemed in the meantime. The treasurer's tax deed was in fact issued August 20, 1906. August 19, 1906, was Sunday.

Were plaintiffs legally entitled to all of the next day, Monday, August 20, to redeem? If they were, the treasurer's deed was void, because, in that event, it was issued pursuant to an insufficient notice before the expiration of the time for redemption. Const., art. IX, sec. 3; Comp. St. 1911, ch. 77, art. I, sec. 212. Where a purchaser's notice to redeem from a treasurer's administrative tax sale fixes a specific date within the statutory period for redemption, the treasurer's deed, if executed on the date

so named, is void. *Hollenback v. Ess,* 31 Kan. 87; *Gage v. Bailey,* 100 Ill. 530; *Benefield v. Albert,* 132 Ill. 665; *Wisner v. Chamberlin,* 117 Ill. 568. A text-writer on taxation says: "When the last day of the statutory period of redemption falls on Sunday, then, either by customary law, or under a statute directing that that day shall be excluded from the computation, the owner will have the whole of the following day in which to redeem. If, therefore, the day named in the notice, as the date when the right of redemption will expire, should prove to be Sunday, though it is correctly calculated to the end of the statutory period in ordinary cases, the notice does not give the owner the full time for redemption to which he is legally entitled, and for that reason it is insufficient." Black, Tax Titles (2d ed.) sec. 334. This seems to be the correct rule. *Brophy v. Harding,* 137 Ill. 621; *Gage v. Davis,* 129 Ill. 236. Section 895 of the code provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." It has recently been held that this statutory provision for computing time is applicable alike to the construction of statutes and to matters of procedure and is controlling, whether the time to be taken into account be days, months or years. *Johnston v. New Omaha T.-H. E. L. Co.,* 86 Neb. 165. According to this interpretation of the code, plaintiffs had all day Monday, August 20, 1906, to redeem their land from the tax lien. The notice having fixed a time before the end of that day, and the deed having been issued before the statutory period expired, plaintiffs' right to redeem was not cut off.

The sufficiency of the petition is challenged because plaintiffs' ownership of the land is pleaded in general terms only. The argument on this point is answered by a former decision. *Hill v. Chamberlain,* 91 Neb. 610.

The manner of proving plaintiffs' title is questioned, but the opinion is unanimous that in this respect sufficient proof was properly admitted. Other questions need not

be considered, since the right of plaintiffs to redeem was conclusively established.

AFFIRMED.

REESE, C. J., not sitting.