PAYNE, SECRETARY OF THE INTERIOR, ET AL.
*v.* STATE OF NEW MEXICO.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF
COLUMBIA.

No. 128. Argued October 6, 1920.—Decided March 7, 1921.

1. Under the acts of Congress entitling the State of New Mexico to waive its rights to any place section which has passed to it as school land and subsequently has been included within a public reservation

of the United States, and to select other public land of equal acreage in lieu, the State, having made such waiver and selection in due form, complying with all conditions precedent, acquires a vested right to the selected land which cannot lawfully be canceled or disregarded by the Land Department upon the ground that the base land has since been eliminated from the reservation. P. 370.

2. The provision making such a selection "subject to the approval of the Secretary of the Interior," does not postpone the vesting of the right of the State until the Secretary approves, but empowers and requires him to determine judicially the lawfulness of the selection as of the time when it was made. P. 371.

3. Where the Secretary of the Interior and the Commissioner of the General Land Office refused approval of such a lieu selection because, after it was made, the base tract was eliminated from the reservation, *held*, that the proper injunctive relief, in the courts of the District of Columbia, was to direct that the selection be disposed of in due course without regard to such elimination, rather than to forbid its cancelation or annulment. P. 373.

49 App. D. C. 80; 258 Fed. Rep. 980, affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Nebeker*, with whom *Mr. H. L. Underwood*, Special Assistant to the Attorney General, was on the brief, for appellants.

*Mr. Patrick H. Loughran* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit by the State of New Mexico to enjoin the Secretary of the Interior and the Commissioner of the General Land Office from canceling or annulling a lieu land selection of that State under a mistaken conception of their power and duty. A hearing on the bill and answer resulted in a decree for the State, which the Court of Appeals affirmed, 49 App. D. C. 80; 258 Fed. Rep. 980, and the defendants appealed to this court.

There was no controversy or difference in the land department about any question of fact, but only in respect of the time as of which the officers were authorized and required to determine the validity of the selection.

Congress granted to New Mexico for the support of common schools designated sections of land in each township, subject to specified exceptions, with a provision enabling and entitling the State to select other lands in lieu of those excepted, and with a further provision whereby, in the event any of the designated sections after passing under the grant should be included within a public reservation, the State was to be entitled to waive its right to them and select instead other land of equal acreage. See *California* v. *Deseret Water, etc., Co.*, 243 U. S. 415. All lieu lands were to be selected "under the direction and subject to the approval of the Secretary of the Interior." Acts of June 21, 1898, c. 489, §§ 1, 8, 30 Stat. 484; March 16, 1908, c. 88, 35 Stat. 44; June 20, 1910, c. 310, §§ 6, 10–12, 36 Stat. 557; February 28, 1891, c. 384, 26 Stat. 796, amending §§ 2275, 2276, Rev. Stats.

Some of the tracts in place after passing under the grant were included within a public reservation called the Alamo National Forest. Afterwards, on March 9, 1915, the State filed in the local land office a selection list waiving its right to one of these tracts and selecting in its stead other land of like area lawfully subject to selection. The list conformed to the directions given by the Secretary of the Interior and was accompanied by the requisite proofs and the proper fees. Notice of the selection was duly posted and published, proof of publication was submitted and the publisher's charge was paid. In other words, the waiver and selection were regularly presented and all was done by the State that needed to be done by it to perfect the selection. The notice did not bring forth any protest or objection, and in due course the local land officers forwarded the list and supporting proofs and papers to the General

Land Office with a certificate stating that there was no
adverse filing, entry or claim to the land selected and that
the list had been accepted and approved by them. The
list remained pending in that office until May 16, 1916,
when the Commissioner directed that the selection be can-
celed solely on the ground that in the meantime, on April
3, 1916, the base tract—the one the right to which was
waived—had been eliminated from the reservation by a
change in its boundaries. The State appealed to the Sec-
retary of the Interior and he affirmed the Commissioner's
action. Both officers proceeded on the theory that the
validity of the selection was to be tested by the conditions
existing when they came to examine it and not by those
existing when the State made it—in other words, they con-
ceived that although the selection was lawful when made
they could and should disapprove it and direct its cancela-
tion by reason of the elimination of the base tract from the
reservation a year later.

The courts below rejected that view and held that those
officers were required to give effect to the conditions existing
when the selection was made and that, if it was valid then,
they were not at liberty to disapprove or cancel it by rea-
son of the subsequent change in the status of the base tract.
In our opinion the courts were right. The provision under
which the selection was made was one inviting and pro-
posing an exchange of lands. By it Congress said in sub-
stance to the State: If you will waive or surrender your
titled tract in the reservation, you may select and take in
lieu of it a tract of like area from the unappropriated non-
mineral public lands outside the reservation. Acceptance
of such a proposal and compliance with its terms confer a
vested right in the selected land which the land officers
cannot lawfully cancel or disregard. In this respect the
provision under which the State proceeded does not differ
from other land laws which offer a conveyance of the title
to those who accept and fully comply with their terms.

In the brief for the officers it is frankly and rightly conceded to be well settled that "a claimant to public land who has done all that is required under the law to perfect his claim acquires rights against the Government and that his right to a legal title is to be determined as of that time"; and also that this rule "is based upon the theory that by virtue of his compliance with the requirements he has an equitable title to the land; that in equity it is his and the Government holds it in trust for him." See *Lytle* v. *Arkansas*, 9 How. 314, 333; *Stark* v. *Starrs*, 6 Wall. 402, 417–418; *Ard* v. *Brandon*, 156 U. S. 537, 543; *Payne* v. *Central Pacific Ry. Co.*, *ante*, 228. But it is said that as the selection is "subject to the approval of the Secretary of the Interior" no right can become vested, nor equitable title be acquired, thereunder unless and until his approval is had, and therefore that the rule just stated is not applicable here. To this we cannot assent. The words relied upon are not peculiar to this land grant, but are found in many others. Their purpose is to cast upon the Secretary the duty of ascertaining whether the selector is acting within the law, in respect of both the land relinquished and the land selected, and of approving or rejecting the selection accordingly. The power conferred is "judicial in its nature" and not only involves the authority but implies the duty "to determine the lawfulness of the selections as of the time when the exertion of the authority was invoked by the lawful filing of the list of selections." *Weyerhaeuser* v. *Hoyt*, 219 U. S. 380, 388; *Daniels* v. *Wagner*, 237 U. S. 547, 557, *et seq.*; *Payne* v. *Central Pacific Ry. Co.*, *supra*. This view of it has been enforced where the Secretary, misconceiving his authority and the rights of the selector, erroneously declined to approve and canceled selections lawfully made. *St. Paul & Sioux City R. R. Co.* v. *Winona & St. Peter R. R. Co.*, 112 U. S. 720; *Daniels* v. *Wagner*, *supra*. And it should be observed that this view has been recognized and applied by the land department, although not

with uniformity. In the case of *Gideon F. McDonald,* 30 L. D. 124, which involved a lieu land selection and a state of facts much like those now before us, it was said by the Secretary of the Interior: "When the selection was filed the land embraced in the accompanying deed of relinquishment and reconveyance was within the limits of the forest reserve and a proper basis for a selection under said act, and the land selected by McDonald in exchange was, according to the records of your [Commissioner's] office, of the character subject to such selection and free from other claim or appropriation. By this deed of relinquishment and reconveyance to the United States of his own land situate within the boundaries of the forest reserve, and by his selection of the lieu land, McDonald accepted the standing offer or proposal of the government contained in the act of June 4, 1897, and complied with its conditions, thereby converting the mere offer or proposal of the government into a contract fully executed upon his part, and in the execution of which by the government he had a vested right. After McDonald had fully complied with the terms on which the government by said act had declared its willingness to be bound, no act of either the executive or legislative branch of the government could divest him of the right thereby acquired. Your [Commissioner's] office will therefore carefully examine the papers and records pertaining to this selection and if it is found to be otherwise free from objection, the fact of the elimination from the boundaries of the forest reserve of the lands in lieu of which the selection is made, after full compliance by the claimant with the lieu land act and regulations, will not prevent approval of the selection."

In *California* v. *Deseret Water, etc., Co., supra,* which involved a like waiver and selection alleged to have been lawfully made and to be awaiting action by the Secretary, the United States, in a brief presented by leave of the court, took the position that by the waiver it acquired such an

367.                    Syllabus.

equitable right in the base tract as prevented a condemnation of the tract as the property of the State. The state court held the waiver and selection of no effect and this court reversed that decision.

We conclude that an injunction was rightly awarded, but that it will be better suited to the occasion if it be confined to directing a disposal of the selection in regular course unaffected by the elimination of the base tract from the reservation. With this modification the decree is

*Affirmed.*