### BOGAN v. HYNES et al.
No. 7096.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1933.

lection of other government land in lieu thereof. The appellants contend that upon the recording of the deed in the office of the county recorder and the filing of the deed with the land office, title vests in the United States, regardless of whether or not there is an acceptance or rejection of the deed by the officers of the government. The trial court found as a fact that title did not vest in the government and also found that the government did not formally accept the deed. It is claimed that this conclusion is erroneous as a matter of law under the decisions of the Supreme Court. Payne v. New Mexico, 255 U. S. 367, 372, 41 S. Ct. 333, 65 L. Ed. 680; Roughton v. Knight, 219 U. S. 537, 31 S. Ct. 297, 55 L. Ed. 326; Weyerhauser v. Hoyt, 219 U. S. 380, 31 S. Ct. 300, 55 L. Ed. 258; Wyoming v. U. S., 255 U. S. 489, 41 S. Ct. 393, 65 L. Ed. 742. See, also, Cosmos Co. v. Gray Eagle, 190 U. S. 301, 23 S. Ct. 692, 47 L. Ed. 1064, cited contra by the trial court. These questions cannot be considered on this appeal. They all relate to evidentiary and not ultimate facts.

This case was tried without a jury and there is no bill of exceptions or statement of the case in the record. Therefore, the only question involved on this appeal is whether or not the findings support the judgment. 28 USCA §§ 773, 875; Perry v. Wiggins (C. C. A.) 57 F.(2d) 622; Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank (C. C. A.) 59 F.(2d) 8; Tatum v. Davis (C. C. A.) 283 F. 948. Ownership is the ultimate fact involved in the litigation. O'Keefe v. Cannon (C. C.) 52 F. 898; George Adams & Frederick Co. v. So. Omaha Nat. Bank (C. C. A.) 123 F. 641; 21 Cal. Jur. 20, § 8; Grewell v. Walden, 23 Cal. 165; Larco v. Casaneuava, 30 Cal. 560, 565; Robinson v. City of Glendale, 182 Cal. 211, 187 P. 741. This is certainly the rule in California where this case arose. Justice Richards stated in Gartlan v. C. A. Hooper & Co., 177 Cal. 414, 423, 170 P. 1115, 1119: "The averment of ownership of real estate or of any specified interest therein was very early in the history of our jurisprudence held to be the averment of an ultimate fact" (citing Payne v. Treadwell, 16 Cal. 221). Judge Melvin also stated this general rule and applied it particularly to findings of a court. "The statement of ownership, title, or interest by the court as resting in any individual is a finding of ultimate fact and not a conclusion of law. 2 Hayne, New Trial and Appeal, p. 1339." McArthur v. Goodwin, 173 Cal. 499, 506, 160 P. 679, 682.

Eric Lyders, of San Francisco, Cal., for appellant.

Chas. S. Conner, of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is an action of ejectment. The defendants set up title in themselves and by cross-complaint seek to quiet title. The judgment of the trial court was in favor of the defendants. This is the second action between the parties over this land, which lies within a national forest reserve. The defendants were declared to be the owners thereof by the decree in the former action. This action is based upon the contention that subsequent to that decree entered February 21, 1930, the plaintiff acquired title thereto by a conveyance from the United States dated August 20, 1930, under authority of an Act of Congress of April 28, 1930 (46 Stat. 257, 43 USCA § 872).

It is apparent from the pleadings, findings, and opinion of the trial court and the briefs on appeal that the basic issue between the parties is as to the effect of a deed made July 28, 1899, by the plaintiff as grantor to the United States government as grantee, in pursuance of the Act of Congress of June 4, 1897 (30 Stat. 36), permitting the surrender or conveyance to the United States of land within a national forest reserve and the se-

It is immaterial whether the finding of the ultimate fact is in the "findings of fact" or in the so-called "conclusions of law." Lewis v. Ingram (C. C. A.) 57 F.(2d) 463, 466; Compania Transcontinental etc. v. Mexican Gulf Oil Co. (C. C. A.) 292 F. 846. In the case at bar the finding as to title is in the conclusions of law and is that the title to the property is vested in the defendants. The finding of this ultimate fact supports the judgment and requires an affirmance of the judgment.

Affirmed.