**Nick ANDROS, Plaintiff-Appellant,**

v.

**Craig W. RUPP, Defendant-Appellee.**

**No. 23480.**

United States Court of Appeals,
Ninth Circuit.

Oct. 30, 1970.

William W. Becker (argued), Racine, Huntley, Herzog & Olson, Pocatello, Idaho, for plaintiff-appellant.

Sherman Furey, U. S. Atty., Jay F. Bates, Asst. U. S. Atty., Boise, Idaho, Dean Gardner, U. S. Dept. of Agriculture, Ogden, Utah, Glen E. Taylor, Acting Asst. Atty. Gen., Raymond N. Zagone, Frank B. Friedman, Attys., Dept.

---

3. See *Williams*, footnote 21.

of Justice, Washington, D. C., for defendant-appellee.

Before JERTBERG, DUNIWAY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an action to enjoin the defendant, Craig W. Rupp, from interfering with the use and enjoyment of certain lands which the plaintiff alleges he owns.[1]

The United States contends that the court lacks jurisdiction because this was an unconsented suit against the sovereign. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The district court reserved judgment on a motion to dismiss filed by the government pending a hearing to determine the facts. At the conclusion of the hearing, the court was of the opinion that this was an action to quiet title against the United States without its consent and granted the motion to dismiss. Andros appealed. We reverse.

The complaint alleged that the plaintiff was the owner of the lands in fee simple by a deed from Bannock County, Idaho, and that the United States had issued a patent on the land the validity of which had been recognized by the Department of the Interior.

At the beginning of the hearing before the court, the parties stipulated to many of the essential facts. This stipulation established that:

John C. Weeter filed an entry on this 80 acre tract on December 6, 1902, under the Timber and Stone Land Act, Act of June 3, 1878, ch. 151, §§ 1-3, 20 Stat. 89,

Thereafter, upon payment of a sum of cash to the Department of the Interior, a certificate of purchase was issued to Weeter.

The certificate ripened into a patent to Weeter which was dated August 3, 1904, and was recorded on March 20, 1912.

The county sold the land for non-payment of taxes and conveyed the title to the plaintiff on or about November 10, 1936. The plaintiff paid the taxes on the property from 1937 until 1962. Since that date the title has been in question.

On September 5, 1903, by proclamation (33 Stat. 2318), President Theodore Roosevelt established the Pocatello Forest Reserve which embraced this land and other privately owned land or land upon which entrys had been filed. The proclamation excepted from its force and effect "all lands which may have been prior to the date hereof embraced in any legal entry or covered by any lawful filing * * *."

At the hearing Mr. Eugene Babin, the Assistant Manager of the Land Office of the United States, testified that he was directly responsible for all of the land title records in the Federal Land Office in Washington, D. C. He stated on cross examination that the patent to the lands in question had duly issued and had never been cancelled. It was stipulated in open court that the patent had not been cancelled. R.T. 46.

The defendant Rupp testified that he was the Supervisor of the Carribou National Forest within which the tract of land patented to Mr. Weeter, was located. He said that he does not attempt to administer the lands within the forest which are in private ownership. He does, however, manage the land in question as if it were national forest land. There was also evidence which would clearly establish that the several forest supervisors and rangers throughout the years since the year 1904 have exercised dominion and control over the land on behalf of the United States.

Andros, a sheepherder, testified that after he bought the land in 1936 he went there at least once a year, sometimes twice a year. He never saw anyone there except the ranger, Hanson, on one occasion. Andros testified that on this oc-

---

1. A second claim for compensation from the United States on the theory of inverse condemnation or eminent domain was not urged in this court and has not been considered by the district court.

casion the ranger recognized that the land was owned by Andros. This was in 1938. Andros also testified about efforts to sell the land because he was broke.

The trial court correctly stated in its opinion the well established rule that the evidence and the pleadings must be liberally construed in favor of a party against whom a motion to dismiss is directed and that the plaintiff's complaint must be sustained against such attack unless it is clear that the plaintiff would be entitled to no relief under any state of facts that might be proved in support of the complaint. Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1 (9th Cir. 1963). The trial court found that under this rule the allegations of the plaintiff's complaint could be construed as a suit against the defendant individually and not one against the sovereign. It relied upon Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). With all of this we agree.

The trial court then stated that since it had been established by a preponderance of the evidence that the United States had been in control of these lands since 1904, any order enjoining the defendant from performing his normal duties as Supervisor of the Forest would be an unconsented action against the United States. Thus, the court did not have jurisdiction and the action must be dismissed.

The trial court relied upon Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), as the governing precedent in this situation. A close examination of the facts of that case convinces us that it is not controlling. Larson was based upon a complaint against the head of the War Assets Administration asserting that the Administration had sold surplus coal to the plaintiff but had refused to deliver it, and had contracted to sell it to others. There, there was no doubt that when the contract of sale was made, the government owned the coal. Plaintiff attempted to allege title in itself by claiming that the contract had by operation of law, transferred title to the coal to the plaintiff, and on that basis, argued that the administrator was interfering with the plaintiff's property without authority. The Court, however, at 337 U.S. 703, 69 S.Ct. 1468, said:

"[The Administrator] had the power and the duty to construe such contracts and to refuse delivery in cases in which he believed that the contract terms had not been complied with. His action in so doing in this case was, therefore, within his authority, even if, for purposes of decision here, we assume that his construction was wrong and that title to the coal had, in fact, passed to the respondent under the contract."

Thus the action was, in substance, an action against the government and the plaintiff's attempt to make it into something else was unsuccessful. In the present case, it is admitted that the patent representing title is in the plaintiff. On the record, therefore, ownership of the property is not in the United States but in the plaintiff. The defendant as a supervisor of property belonging to the United States does not, by definition, have authority to control property which does not belong to the United States. Nor could a specific statute under these circumstances be pleaded by the plaintiff setting out the "statutory limitation" upon which the plaintiff relies. 337 U.S. at 690, 69 S.Ct. 1457. We know of no statute saying that a government official shall not take private property.

This case is not controlled by such cases as Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), Delaware Valley Conservation Association v. Resor, 392 F.2d 331 (3rd Cir. 1968), or, Turner v. Kings River Conservation District, 360 F.2d 184 (9th Cir. 1966). Compare State of Washington v. Udall, 417 F.2d 1310 (9th Cir. 1969). In those cases the United States had authorized vast irrigation projects through the Congress. The United States had entered into contracts and made commitments for the disposition of water which it owned or controlled and a suit against

the officials charged with the operation of those reclamation projects would stop the government "in its tracks." Dugan v. Rank, *supra*, 372 U.S. at 621, 83 S.Ct. 999. In this case an injunction restraining the Forest Supervisor from exercising dominion and control over lands which are not owned by the United States does not unduly interfere with the operation of the forest. There are other patented lands which are equally as free from government control.

In Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), the Court restated the general rules that guide us in determining sovereign immunity. Said the Court:

> "Cutting through the tangle of previous decisions, the Court expressly postulated the rule that the action of a federal officer affecting property claimed by a plaintiff can be made the basis of a suit for specific relief against the officer as an individual only if the officer's action is 'not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void.'" 369 U.S. at 647, 82 S.Ct. at 983.

We hold that the defendant had no statutory power to control property the uncontested title of which was in the plaintiff. Nor does this holding conflict with that of *Malone*. There a complainant filed a common law action in ejectment against a Forest Service Officer. The claim was that the complainant was the rightful owner of the land. The Court pointed out that the pleadings treated the lands as having been "acquired by the United States of America by deed on June 6, 1936." 369 U.S. at 644, & n.2, 82 S.Ct. at 981. An action in ejectment against one who was holding lands the record title of which was in the United States, as an official of the government, was indeed a suit against the sovereign. But that is not our case.

In expressing its final judgment, the trial court states:

> "The Court concludes that since, in substance and effect, this is an action to quiet title against the United States without its consent, this Court does not have jurisdiction and the action must be dismissed." C.T. 81.

This necessarily assumes that the United States asserts a legal claim to the title in some manner and that this action is to remove the cloud of that claim and is thus an action against the United States. As we stated at the beginning, since the trial court found that the inverse condemnation issue had been abandoned, the remaining issue was one to enjoin the defendant from interfering with the plaintiff's use and enjoyment of lands. If the defendant asserts a right to possession and enjoyment as an official of the United States and for and on behalf of the United States he must do so on the basis of (1) the record title, or (2) title by adverse possession. It is stipulated that the record title is vested by patent and mesne conveyances in the plaintiff. Adverse possession as alleged in the fourth defense involves an open possession, hostile to the claim of this plaintiff and under a claim of title adverse to the claim of this plaintiff under his patent. It involves a hostile intent and compliance with certain statutory requirements if based upon adverse possession or common law requirements in the case of prescription. Hamilton v. Village of McCall, 90 Idaho 253, 409 P. 2d 393 (1965). No showing has been made to establish the authority of the Forest Supervisor on behalf of the United States to repudiate the patent and establish the type of possession essential to acquisition of title adverse to that of the record title holder. The United States could probably assert adverse possession by someone lawfully authorized to do so. Stanley v. Schwalby, 147 U.S. 508, 16 S.Ct. 754, 40 L.Ed. 960 (1892). The United States is not a party. The trial court in its opinion did not purport to decide the merits of the issue of ad-

verse possession. It decided the case on the basis of jurisdiction as an action against the United States. Finding, as we do, that this is an action against the defendant to restrain him from interfering with the plaintiff's use and possession of lands which are patented and apparently lawfully conveyed to him, we find jurisdiction.

The judgment dismissing the action for want of jurisdiction is reversed and the case is remanded for further proceedings.