Clara **ARMSTRONG**, Plaintiff-Appellant,

v.

Stewart **UDALL**, Secretary of the Interior, Defendant-Appellee.

No. 24817.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1970.

Bradley, Wagy, Bunker, Hislop & Leddy, Bakersfield, Cal. (Albert M. Leddy, Bakersfield, Cal., argued) for plaintiff-appellant.

Dwayne Keyes, U. S. Atty., James M. Bordenkircher, Asst. U. S. Atty., Sacramento, Cal., Shiro Kashiwa, Asst. Atty. Gen., Washington, D. C., for defendant-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

This is an appeal from an order dismissing plaintiff-appellant's complaint.[1]

The complaint alleges that plaintiff's predecessor, William Trauger, on March 31, 1894 received a patent to the Northeast quarter of Section nine in Township seventeen South of Range twenty nine East of Mount Diablo Meridian in California, containing one hundred sixty acres (description from patent), pursuant to a homestead entry; that Trauger "located on the east fork of the Kaweah River, which is shown on the original plat" to flow through the Northeast quarter of Section nine. Plaintiff and her husband (now deceased) purchased a portion of the land in 1955.[2] It is alleged further that in 1920 and 1935 the defendant resurveyed the land which Trauger had entered and which plaintiff now occupies and declared the land to be within a new section, denominated section 38; that in June of 1968 "defendant, through his agents, servants and employees advised plaintiff that they claim an interest in such property on behalf of the United States"; that the claim is "made without any authority whatsoever"; and that the original entryman and his successors in interest are entitled to a patent covering the land actually entered by William Trauger.

Plaintiff seeks (1) to enjoin defendant "from claiming an interest in the property originally entered by Trauger and now held by plaintiff" and (2) to require defendant to execute "patents

---

* Honorable William J. Jameson, United States Senior Judge, Billings, Montana, sitting by designation.

1. The notice of appeal recites that plaintiff-appellant appeals from an order dismissing plaintiff's complaint entered May 6, 1969 and an order denying plaintiff's motion to amend her complaint entered June 11, 1969. The record also contains an order dismissing plaintiff's complaint with prejudice entered June 13, 1969.

2. It was alleged in each complaint that a copy of the patent was attached as Exhibit A and the deed to appellant as Exhibit B. These exhibits were not a part of the record in either the district court or this court. It appears from copies of instruments furnished by counsel that the patent to Trauger covered all of the Northeast quarter of Section nine, "containing 160 acres." The deed to appellant and her husband covered "that portion of the Northeast quarter of Section Nine * * * lying North and East of the center line of the County Road, known as the Mineral King Road, as said road existed on January 28, 1947 * * *", subject also to a reservation of a one-half interest in the minerals.

and titles to the land originally entered and occupied correctly describing said land."[3]

The district court concluded that the action is a suit against the United States without its consent, calling attention to the allegations in the proposed amended complaint that the defendant as Secretary of the Interior claims an interest in the property "on behalf of the United States." Accordingly the court held that jurisdiction was lacking and suggested that appellant's remedy was either through administrative proceedings in the Department of the Interior or an action in the Court of Claims.

Appellant contends that (1) "Since the Secretary has no legal authority under 43 U.S.C. Section 2[4] to claim property which he conveyed away and which is therefore no longer public land, he may be sued", and the "action is not against the United States"; and (2) "Since William Trauger complied with Section 1165, Title 43 U.S.C., the Secretary of the Interior has no discretion, but must give Trauger and his successor in interest a patent 'conveying the land by him entered.'"[5]

Appellee contends, as the district court held, that (1) the action is an unconsented suit against the United States; (2) the Secretary of the Interi-

or was acting within the scope of his statutory authority; and (3) appellant has failed to seek the administrative relief authorized by Congress.

It is impossible to determine from the pleadings the precise factual issues presented. No responsive pleading was filed by defendant-appellee other than the formal motion to dismiss; nor was any hearing held pursuant to Rule 12(d) F.R.Civ.P. to determine whether there is merit in defendant's motion to dismiss for lack of jurisdiction.[6] The contentions of the respective parties were set forth in briefs and oral arguments in both the district court and this court. The district court reached its conclusion on the basis of allegations in the complaints and a consideration of the contentions of the parties. We have concluded that we should remand to permit the district court to hear evidence to determine whether it has jurisdiction.

It is the position of appellant that upon the issuance of the patent in 1894 title vested in Trauger in the land he entered pursuant to his homestead entry; that the land was correctly described in the patent on the basis of the 1880 survey; that having divested itself of this parcel of land, the Government did not and could not regain any interest in it by renumbering the section in which the parcel lay"; and that the Sec-

3. The proposed amended complaint names Walter Hickel as defendant and sets forth plaintiff's alleged causes of action in more detail, including allegations that defendant and his agents have entered the property and put a lock upon the gate, "and by making such false, fraudulent and unauthorized claim to the property, have unconstitutionally deprived plaintiff of the value of her property"; that unless restrained, defendant will continue to claim the property and assert an interest "on behalf of the United States", and unconstitutionally deprive plaintiff of her property; and that in failing to "deliver to William Trauger or his successors in interest, a correct patent to the land originally entered by "Trauger, defendant is failing to perform a ministerial act" required by 43 U.S.C. § 1165.

4. 43 U.S.C. § 2 reads: "The Secretary of the Interior or such officer as he may des-

ignate shall perform all executive duties appertaining to the surveying and sale of the public lands of the United States, or in anywise respecting such public lands, and, also, such as relate to private claims of land, and the issuing of patents for all grants of land under the authority of the Government."

5. Plaintiff relies upon that portion of 43 U.S.C. § 1165 providing that after the lapse of two years and when there is no pending contest or protest against the validity of a homestead entry, "the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

6. See 2A Moore's Federal Practice 2351–58, § 12.16; Stauffer v. Exley, 9 Cir. 1950, 184 F.2d 962, 967; Williams v. Minnesota Mining & Manufacturing Co., S.D.Cal. 1953, 14 F.R.D. 1, 5.

retary is now claiming land in which the "Federal Government has no interest and over which it has no jurisdiction."

Appellee agrees that the "United States by resurvey could not affect prior existing rights", but contends that the "resurvey conducted by the Government only determined the location of the original survey on the ground" and that the "original survey, as actually located on the ground, did not include the area now claimed" by appellant. In other words, it is the position of the appellee that appellant is occupying land which is public land owned by the United States and different from that originally entered by Trauger and covered by the patent based upon the original survey.

If, as appellant alleges, the land she now occupies lies wholly within the land entered by Trauger and was covered by a patent which correctly described the land on the basis of the existing 1880 survey, there is merit in her contention that the issuance of a new patent correctly describing the land as resurveyed would involve a ministerial duty which might be enforced by mandamus. The fact that as a result of a resurvey some 40 or 50 years later the section was renumbered would not affect the prior existing rights of Trauger and his successors in interest. When a party is clearly entitled to the possession of a patent as his property, and the land has ceased to be the land of the Government, the "power of the officers to deal with it has also passed away", and it is the plain duty of the Secretary to deliver the patent demanded. United States v. Schurz, 1880, 102 U.S. 378, 26 L.Ed. 167, 174.[7]

It is true also, as appellant argues, that mandamus will lie to compel the issuance of a patent to a homestead entryman at the expiration of two years from the date of the receiver's final receipt if there is "no pending contest or protest against the validity of such entry." Lane v. Hoglund, 1917, 244 U.S. 174, 37 S.Ct. 558, 61 L.Ed. 1066. In other words, where a claimant to public land has done all that is required to perfect his claim and the validity of his title may no longer be questioned, there is a plain duty on the part of a Government official to act and mandamus will lie to compel that action.[8]

On the other hand, if the district court should determine from the evidence that the land now occupied by appellant is not a portion of the land entered by Trauger and described in the patent originally issued to him, then the apparent title would be in the United States, and the action is one against the United States without its consent.

In concluding that jurisdiction was lacking, the district court relied upon Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. In a series of cases beginning with Larson, the Supreme Court has clarified the doctrine of sovereign immunity in actions against a Government officer. In Larson the plaintiff sought to enjoin the War Assets Administrator from selling surplus coal which it was alleged the Administrator had sold to the plaintiff. Recognizing a "conflict in doctrine", the Court reviewed many prior decisions and concluded that it would adhere to the "principle which has been frequently repeated by this Court", that "the action of an officer of the sovereign (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as

---

7. In United States v. Schurz it had been determined that the entryman was entitled to a patent and the patent had been signed by the President and duly recorded. The Court held that the last act to pass title had been performed and nothing remained but the ministerial act of delivering the instrument.

8. See also Payne v. State of New Mexico, 1921, 255 U.S. 367, 41 S.Ct. 333, 65 L.Ed. 680; Payne v. Central Pacific R. Co., 1921, 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598.

so 'illegal' as to permit a suit for specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." 337 U.S. at 701–702, 69 S.Ct. at 1467.

The rule in Larson was followed in Malone v. Bowdoin, 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168. Plaintiff there sought to eject a Forest Service Officer of the United States Department of Agriculture from land occupied by him solely in his official capacity under a claim of title in the United States. The court of appeals had held that Larson was not applicable. In reversing, the Supreme Court held that the action of the Government official did not come within either of the two exceptions to the rule of sovereign immunity recognized in Larson. The Court suggested also that the respondents could seek just compensation in the Court of Claims for thetaking of their land by the United States. 369 U.S. at 647 n. 8, 82 S.Ct. 980.[9]

The decisions of the Supreme Court have been reviewed by this court in a number of decisions,[10] most recently in Andros v. Rupp, 433 F.2d 70, decided October 30, 1970. In Andros it was stipulated that the record title was vested by patent and mesne conveyances in the plaintiff. The land was within the confines of a Forest Reserve. The defendant, a representative of the Forest Service, claimed the right to manage it. The action was in effect against Government employees who were alleged to be trespassing on private land and acting beyond the scope of their authority. It was held that the district court erred in dismissing the case for want of jurisdiction.[11] In distinguishing Malone v. Bowdoin the court said:

"We hold that the defendant had no statutory power to control property the uncontested title of which was in the plaintiff. Nor does this holding conflict with that of *Malone*. There a complainant filed a common law action in ejectment against a Forest Service Officer. The claim was that the complainant was the rightful owner of the land. The Court pointed out that the pleadings treated the lands as having been 'acquired by the United States of America by deed on June 6, 1936.' 369 U.S. at 644, & n. 2, 82, S.Ct. 981. An action in ejectment against one who was holding lands the record title of which was in the United States, as an official of the government, was indeed a suit against the sovereign."

In essence it will be necessary for the district court to determine whether under the facts presented at the hearing this case is controlled by Malone v. Bowdoin or Andros v. Rupp. If the district court determines that plaintiff-appellant is not in fact occupying land entered by Trauger and covered by the patent issued to him, the action should be dismissed on the ground of sovereign immunity. Appellant could then seek administrative relief pursuant to Sections 693, 694 and 697 of Title 43 U.S. C., prescribing the remedy for errors in

9. The rules of sovereign immunity in Larson and Malone were followed and clarified further in Dugan v. Rank, 1963, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; City of Fresno v. California, 1963, 372 U.S. 627, 83 S.Ct. 996, 10 L.Ed.2d 28; and State of Hawaii v. Gordon, 1963, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191.

10. See Turner v. Kings River Conservation District, 9 Cir. 1966, 360 F.2d 184; Washington v. Udall, 9 Cir. 1969, 417 F.2d 1310; Scholder v. United States, 1970, 428 F.2d 1123. It was concluded in both Turner and Washington that Larson was not intended to preclude, in the name of sovereign immunity, all suits for affirmative relief or for the recovery of property of the United States.

11. In Andros the district court held a hearing but in granting the motion to dismiss concluded that the action sought to quiet title against the United States without its consent.

the entry, selection or location of public lands.[12]

Remanded to district court for further proceedings consistent with this opinion.

---

12. See Le Marchal v. Tegarden, 8 Cir. 1909, 175 F. 682, 689, and Regulations promulgated by the Secretary of the In- terior, 43 C.F.R. §§ 1821.6, 1842.2, 1844.1, 1844.9.